STILLMAN LEGAL PC
LINA STILLMAN
TONEILLE RAGLAN
42 Broadway, 12th Floor
New York, New York 10004
www.StillmanLegalPC.com
212-203-2417
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------X

JESUS BLANCO

            *PLAINTIFF,*

  -AGAINST-

LOCUST AVENUE DELI CORP.
(DBA LOCUST AVENUE DELI)
RUSSELL CATAPANO

            *Defendants.*
------------------------------------------X

**ACTION UNDER 29 U.S.C.§ 216(B)**

**COMPLAINT**

Plaintiff Jesus Blanco individually, by and through his attorneys, Stillman Legal PC., allege upon their knowledge and belief, and as against LOCUST AVENUE DELI CORP. (DBA Locust Avenue Deli) (together, hereinafter "LOCUST AVENUE DELI CORP." or "Defendant Corporation") Russell Catapano ("Individual Defendants") collectively with Defendant Corporations, "Defendants"), allege as follows:

**<u>NATURE OF THE ACTION</u>**

1) Plaintiff was an employee of Defendants LOCUST AVENUE DELI CORP. (DBA Locust Avenue Deli) and Russell Catapano. Defendants own, operate or control a deli with main headquarters at 1090 Locust Ave Bohemia, NY 11716 under the name "Locust Avenue Deli".

2) Upon information and belief, Individual Defendants Russell Catapano

serve as owner, manager, principle, or agent of Defendants LOCUST AVENUE DELI CORP., and through the corporate entity operates or operated the company as a joint or unified enterprise.

3) Plaintiff was an employee of the Defendants. He was primarily employed as a cook and delivery.

4) Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate compensation for the hours over 40 per week that he worked. Defendants failed to pay Plaintiff appropriately for any hours worked over 40 hours and paid him at straight time, which is against the appropriate Labor Laws.

5) Defendants' conduct extended beyond the Plaintiff to all other similarly situated employees. At all times relevant to this complaint, Defendants maintain a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

6) Plaintiff now brings this action on behalf of himself, for unpaid overtime wages orders pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C.§ 201 *et seq.*("FLSA"), and for violations of the N. Y Lab.Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R.& REGS. tit.12, § 142-2.4 (2006), including applicable liquidated damages, interest, attorneys' fees, and costs.

7) Plaintiff seeks certification of this action as an individual action on behalf of himself, individually pursuant to 29 U.S.C.§ 216(b).

## JURISDICTION AND VENUE

8) This Court has subject matter jurisdiction pursuant to 29 U.S.C.§ 216(b) (FLSA), 28

U.S.C.§ 1337 (interstate commerce) and 28 U.S.C.§ 1331 (federal question). Supplemental jurisdiction over Plaintiff ' state law claims is conferred by 28 U.S.C.§ 1367(a).

9) Venue is proper in this District under 28 U.S.C.§ 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district.

10) Defendants maintain their company headquarters and offices within this district, and Defendants operate one company located in this district. Further, Plaintiff was employed by Defendants in this District.

## PARTIES

*Plaintiff*

11) Plaintiff Jesus Blanco ("Plaintiff Blanco") is an adult individual residing in Long Island, New York. Plaintiff Blanco was employed by the Defendants from approximately on or about November 2020 until December 21, 2022.

*Defendants*

12) Defendants own, operate, or control a deli located at 1090 Locust Ave Bohemia, NY 11716 under the name of Locust Avenue Deli, at all times relevant to this complaint.

13) Upon information and belief, LOCUST AVENUE DELI CORP., is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1090 Locust Ave Bohemia, NY 11716.

14) Upon information and belief, Defendant Russell Catapano is an individual engaging (or who was engaged) in business with this district during the relevant time. Defendant is sued individually in their capacity as owners, officers and/or agents of the Defendant Corporation.

Defendant Russell Catapano possess or possessed operational control over Defendant Corporations, an ownership interest in Defendant Corporations, or controlled significant functions of Defendant Corporations. Defendant Russell Catapano determined the wages and compensation of the employees of Defendants, including Plaintiff, and established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

15) Defendants operate a company in Long Island, New York.

16) Defendants maintain as their principal place of business a centralized deli, located at at 1090 Locust Ave Bohemia, NY 11716. Individual Russell Catapano possesses or possessed operational control over Defendant Corporation, possess or possessed an ownership interest in Defendant Corporations, and control or controlled significant functions of Defendant Corporations.

17) Upon information and belief, Defendant Russell Catapano serve or served as Chairperson and/or as Chief Executive Officer of Defendant Corporation.

18) Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

19) Defendants possess or possessed substantial control over the Plaintiff working conditions, and over the policies and practices with respect to the employment and compensation of the Plaintiff referred to herein.

20) Defendants jointly employed the Plaintiff, and are Plaintiff employers within the meaning of 29 U.S.C.201 *et seq*. and the New York Labor Law.

21) In the alternative, the Defendants constitute a single employer of the Plaintiff.

22) At all relevant times, Defendants were the Plaintiff employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff, control the terms and conditions of his employment and determine the rate and method of any compensation in exchange for Plaintiff services.

23) In each year from 2017 to the present, the Defendants, both separately and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

24) In addition, upon information and belief, the Defendants and/or their enterprise were directly engaged in interstate commerce.

*Plaintiff Jesus Blanco*

25) Plaintiff Blanco worked for Defendants from approximately November 2020 until December 21, 2022.

26) Plaintiff Blanco worked (10) hours per day, (6) six days per week, Monday to Saturday. His schedule was typically from 7 A.M until 5 P.M.

27) Plaintiff Blanco work approximately (60) sixty hours per week, (10) ten hours per day.

28) Plaintiff Blanco was required to punch in and out.

29) Plaintiff Blanco was paid ($13) thirteen dollars per hour for one (1) year of his employment. Defendants then raised his pay to ($14) per hour.

30) At all times relevant to this complaint, Defendants failed to pay Plaintiff the required times and a half after Plaintiff worked forty (40) forty hours.

31) Plaintiff was paid weekly, twenty (20) hours by check and (40) forty hours in cash.

32) Plaintiff Blanco regularly handled goods in interstate commerce and other items produced outside of the State of New York.

33) Plaintiff Blanco work duties required neither discretion nor independent judgment.

34) Plaintiff Blanco worked in excess of 40 hours per week without appropriate overtime compensation from the beginning and until the end of his employment with Defendants.

35) No notification, either in the form of posted notices, or other means, were ever given to Plaintiff Blanco regarding overtime and wages as required under the FLSA and NYLL.

36) Defendants did not provide Plaintiff Blanco with each payment of wages accurate statement of wages, as required by NYLL 195(3).

37) Defendants never provided Plaintiff with a written notice, in English and in Spanish (Plaintiff Blanco primary language), of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

38) At all times, relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff to work in excess of 40 hours per week without paying him appropriate overtime compensation, as required by federal and state laws. Defendants' pay practices resulted in Plaintiff not receiving payments for all his hours worked, resulting in Plaintiff effective rate of pay falling below the required overtime wage rate.

39) Plaintiff has been victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by not paying him the wages he was owed for the hours he had worked.

   a. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

   b. Defendants failed to provide Plaintiff with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff relative lack of sophistication in wage and hour laws.

    c. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) his full hours worked, (ii) for overtime due.

    d. Defendants did not provide Plaintiff with any document or other statement accurately accounting for his actual hours worked and setting forth rate of overtime wage.

## FLSA ACTION CLAIMS

40) Plaintiff brings his FLSA overtime, and liquidated damages claims pursuant to FLSA Section 16(b), 29 U.S.C.§ 216(b).

41) At all relevant times, Plaintiff, has been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay him the required overtime and willfully failing to keep records required by the FLSA.

42) The claims of Plaintiff stated herein are similar to those of other similarly situated employees.

## FIRST CAUSE OF ACTION
### (Violation of the Overtime Provisions of the FLSA)

43) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

44) Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C.§ 207 (a)(1).

45) Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C.§ 255(a).

46) Plaintiff (and the FLSA class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Violation of the Overtime Provisions of the New York Labor Law)

47) Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

48) Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

49) Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y.Lab.Law § 663.

50) Plaintiff has been damaged in an amount to be determined at trial.

**THIRD CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Notice at Time of Hiring**

51) Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52) Defendants failed to provide Plaintiff at the time of hiring or at any point thereafter, a notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular pay day designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law, in violation of NYLL § 195(1).

53) Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**

54) Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

55) Defendants have failed to provide Plaintiff with complete and accurate wage statements throughout his employment listing, *inter alia*, all his regular and overtime hours of work, his rate of pay, and the basis of pay, in violation of NYLL § 195(3).

56) Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the

violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against Defendants:

    a.    Designating this action as an individual action and authorizing prompt issuance of notice pursuant to 29 U.S.C.§ 216(b);

    b.    Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff;

    c.    Declaring that Defendants have violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

    d.    Awarding Plaintiff liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C.§ 216(b);

    e.    Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

    f.    Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages;

    g.    Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

    h.    Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

    i.    Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

    j.    All such other and further relief as the Court deems just and proper.

      k.   An award of statutory damages for Defendants' failure to provide Plaintiff with wage notices at the time of his respective hiring, or at any point thereafter, pursuant to NYLL § 198 (1-b);

      l.   An award of statutory damages for Defendants' failure to provide Plaintiff with complete and accurate wage statements pursuant to NYLL § 198 (1-d);

      m.   An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

      n.   An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

      o.   Such other relief as this Court shall deem just and proper.

Dated: New York, New York
February 1, 2023

By: *[signature]*
Lina Stillman
**STILLMAN LEGAL P.C**
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417

*Attorneys for Plaintiff*